Filed 4/19/21  P. v. Rivas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE ANTONIO RIVAS,<br><br>    Defendant and Appellant. | H047066<br>(Santa Clara County<br>Super. Ct. No. C1761636) |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

A jury convicted defendant Jose Rivas of four counts of violating Penal Code section 288, subdivision (c)(1) [lewd act with a child 14 or 15 years old].  The complaining witness was his step-granddaughter.  As described by the trial court at sentencing, "Count 1 involved the defendant getting on top of the victim and thrusting his lower body onto the victim's lower body.  [¶]  Count 2 involved the defendant grabbing the victim's hand and placing it onto his penis[.]  [¶]  Count 3 involved the defendant placing his hand on her vagina and attempting to insert his finger into the victim's vagina[.]  [¶]  Count 4 involved the defendant lifting the victim's sports bra … allowing him to place his mouth on the victim's nipple."  Defendant was sentenced to four years in

prison, ordered to pay fines and fees, and ordered to submit to HIV testing under Penal Code section 1202.1.

Defendant's sole contention on appeal is that the HIV testing order is not supported by probable cause to believe there was a bodily fluid transfer capable of transmitting HIV, as required by Penal Code section 1202.1, subdivision (e)(6). The Attorney General concedes there is insufficient evidence to support the order and that the appropriate remedy is to remand the matter to the trial court to afford the prosecution an opportunity to establish probable cause if it elects to do so.

Penal Code section 1202.1, subdivision (e)(6) requires that a defendant convicted of specified sexual offenses (including a violation of Pen. Code, § 288) be ordered to submit to HIV testing if "there is probable cause to believe that blood, semen, or any other bodily fluid capable of transmitting HIV has been transferred from the defendant to the victim." (Pen. Code, § 1202.1, subd. (e)(6)(A).) After reviewing the entire record, we agree there is insufficient evidence to meet that standard here. (See *People v. Butler* (2003) 31 Cal.4th 1119, 1127 [standard requires facts that "would lead a person of ordinary care and prudence to entertain an honest and strong belief that blood, semen, or any other bodily fluid capable of transmitting HIV has been transferred from the defendant to the victim."].) We will therefore remand the matter to the trial court to allow the prosecution to present additional evidence of bodily fluid transfer. (*Id.* at p. 1129.)

## DISPOSITION

The judgment is reversed and the case remanded for the purpose of allowing the prosecution to elect whether to present additional evidence supporting a Penal Code section 1202.1 HIV testing order. This disposition does not affect defendant's convictions or prison term. If sufficient evidence to support a testing order is presented on remand, the trial court shall reinstate the original sentence. If such evidence is not

2

presented, the trial court shall strike the HIV testing order and otherwise reinstate the sentence.

_____

Grover, J.

**WE CONCUR:**


_____

Greenwood, P. J.


_____

Danner, J.


H047066 - *The People v. Rivas*